**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6742**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS ANTRON GRANT,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CR-01-505-PJM; CA-03-2961-PJM)

---

Submitted: September 21, 2005          Decided: October 18, 2005

---

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Dennis Antron Grant, Appellant Pro Se. Jacabed Rodriguez Cross, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, Chan Park, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dennis Antron Grant seeks to appeal the district court's order denying his petition for a certificate of appealability pursuant to 28 U.S.C. § 2253 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on December 8, 2004. The notice of appeal was filed on April 29, 2005.[*] Because Grant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

materials before the court and argument would not aid the decisional process.

DISMISSED